### 58767. CLARK v. THE STATE.
### 58768. REEDY v. THE STATE.

DEEN, Chief Judge.

1. These defendants were jointly indicted, tried and convicted for the offense of rape. The testimony of the prosecutrix is firm that she was induced by the defendants to come up to their hotel room and was raped by each in turn. The general grounds are without merit.

2. The sole special ground complains that the trial court erred in denying a motion for mistrial "in that appointed counsel represented as an officer of the court that a conflict of interest developed during the trial of the case." This motion was made well into the trial, counsel stating to the judge that he had understood in preparing

---

for the trial that both defendants took the position that there had been no intercourse, but that during a trial recess Reedy was stating "that there could have been voluntary intercourse." Reedy then interrupted the colloquy (which was taking place out of the presence of the jury) and volunteered that he had not told his counsel he wanted to make a claim of voluntary intercourse, but that he did want "a new trial" and different counsel because "he kept telling me I have no chance of winning the case" and "he don't supposed to be thinking negative." Clark was then questioned and stated, "I feel that we should be represented by two lawyers 'cause I feel that one lawyer just can't come in and handle a case like this here." It is obvious that both defendants were beginning to see the handwriting on the wall and hoped that a change of counsel would result in a change in their legal position. However, both defendants denied any factual situation which would result in a conflict with each other of their testimony.

Where a true conflict of interest arises between co-defendants during a trial, separate counsel should be appointed. Holloway v. Arkansas, 435 U. S. 475 (98 SC 1173 (4), 55 LE2d 426). No such situation obtains here. The testimony of the prosecutrix was circumstantial and convincing, and in fact, except as to the act itself, not denied by the defendants. Although the testimony of the female need no longer be corroborated (Code Ann. § 26-2001; Ga. L. 1978, p. 3), there was a considerable amount of corroboration of the facts involved on the part of other witnesses. The motion here is flimsy and unsustained, and its denial was proper.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED NOVEMBER 30, 1979.

*R. Allen Hunt,* for appellant (Case No. 58767).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Richard E. Hicks, Assistant District Attorneys,* for appellee.

Willie R. Reedy, *pro se* (Case No. 58768).